**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JOSEPH PENNINGTON,

    Plaintiff,

v.                                                                    CASE NO. 3:08-cv-1122-J-TEM

MICHAEL J. ASTRUE, Commissioner
of Social Security,

    Defendant.
_____

## ORDER AND OPINION

This cause is before the Court on Plaintiff's complaint (Doc. #1) seeking review of the final decision of the Commissioner of the Social Security Administration ("the Commissioner") denying his claim for disability benefits. Plaintiff filed a memorandum in support of the complaint (Doc. #13). Defendant filed a memorandum in support of the Commissioner's decision to deny disability benefits (Doc. #17). The Commissioner has filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number).

The undersigned has reviewed and given due consideration to the record in its entirety, including the parties' arguments presented in their briefs and the materials provided in the transcript of the underlying proceedings. Upon review of the record, the undersigned found the issues raised by Plaintiff were fully briefed and determined oral argument would not benefit the undersigned in making his determinations.

Accordingly, the instant matter has been decided on the written record. For the reasons set out herein, **the Commissioner's decision is REVERSED and REMANDED**.

## I. Procedural History

On June 20, 2006 Plaintiff Joseph Pennington ("Plaintiff") filed an application for DIB, alleging disability as of July 12, 2005 (Tr. 116). Plaintiff has a date last insured of June 30, 2006 (Tr. 10). Plaintiff requested a hearing before Administrative Law Judge ("ALJ") JoAnn L. Anderson and a hearing was held on March 20, 2008 (Tr. 18-58, 94). On July 3, 2008, the ALJ issued an unfavorable decision (Tr. 7-17). Subsequently, the Appeals Council denied Plaintiff's request for review (Tr. 1-4). Plaintiff now appeals.

## II. Standard of Review

A plaintiff is entitled to disability benefits under the Social Security Act if he or she is unable to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c (a)(3)(A).

The Commissioner has established a five-step sequential evaluation process for determining whether a plaintiff is disabled and therefore entitled to benefits. *See* 20 C.F.R. § 404.1520(a)(4)(i-v);[1] *Crayton v. Callahan*, 120 F.3d 1217, 1219 (11th Cir. 1997). Plaintiff bears the burden of persuasion through Step 4, while at Step 5 the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987). The scope of this Court's review is generally limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence. *See also Richardson v. Perales*, 402 U.S. 389, 390 (1971).

---

[1] All references made to 20 C.F.R. will be to the 2009 edition unless otherwise specified.

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is defined as more than a scintilla—i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (*citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982)).

Where the Commissioner's decision is supported by substantial evidence, the Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560.

The Commissioner must apply the correct law and demonstrate that he has done so. While the Court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of HHS*, 21 F.3d 1064, 1066 (11th Cir. 1994) (*citing Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991)). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the reviewing court must not re-weigh the evidence, but must determine whether the record, as a whole, contains sufficient evidence to permit a reasonable mind to conclude that the plaintiff is not disabled. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

As in all Social Security disability cases, Plaintiff bears the ultimate burden of proving disability, and is responsible for furnishing or identifying medical and other evidence regarding his or her impairments. *Bowen*, 482 U.S. at 146 n.5; *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991); *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987); 42 U.S.C. § 423(d)(5) ("An individual shall not be considered to be under a disability unless he [or she] furnishes such medical and other evidence of the existence thereof as the Commissioner of Social Security may require"). It is a plaintiff's burden to provide the relevant medical and other evidence that he or she believes will prove disabling physical or mental functional limitations. 20 C.F.R. § 404.704.

### III. Discussion

Plaintiff was born on March 10, 1953 (Tr. 116). At the time of the ALJ's decision Plaintiff was fifty-five years old (Tr. 24). Plaintiff has a GED, and past relevant work experience as a handyman, maintenance mechanic, and tree trimmer (Tr. 15, 196). After reviewing the entire record and the testimony from the March 20, 2008 hearing, the ALJ found Plaintiff has the severe impairments of post traumatic stress syndrome; depression; and degenerative disc disease, lumbar spine (Tr. 12).

Plaintiff argues that the ALJ erred by failing to properly evaluate the medical opinion evidence offered by Richard C. Christensen, M.D., M.A. ("Dr. Christensen"), Plaintiff's treating psychiatrist (Doc. #13 at 1). Specifically, Plaintiff argues that: (1) the medical opinions offered by Dr. Christensen should have been provided substantial or controlling weight, and (2) that the reasons offered by the ALJ to provide little weight to the medical opinion evidence of Dr. Christensen do not constitute the requisite good cause to disregard the opinions of a treating physician (Doc. #13 at 12, 14). The undersigned is persuaded

4

by these arguments for the reasons that follow.

The Regulations provide that, generally, more weight should be given to the opinion of a source who has examined a plaintiff than to the opinion of a source who has not examined a plaintiff. 20 C.F.R. § 404.1527(d)(1). The Regulations further instruct ALJs how to properly weigh the medical opinions of treating physicians:

> Generally, we give more weight to opinions from [a plaintiff's] treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a plaintiff's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations.

20 C.F.R. § 404.1527(d)(2).

Because treating physicians "are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s)," a treating physician's medical opinion is due to be afforded great weight if it is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record. 20 C.F.R. § 404.1527(d)(2). Important to the determination of whether there is a "detailed, longitudinal picture" of a claimant's impairments is the length of the treatment relationship,[2] the frequency of examination, the knowledge of the treating source as shown by the nature and extent of the treatment relationship, the evidence and explanation presented by the treating source to support his or her opinion, the consistency of the opinion with the record as a whole, and the

---

[2]Generally, the longer a treating source has treated a claimant and the more times a claimant has been seen by a treating source, the more weight that should be given to that source's medical opinion. 20 C.F.R. § 404.1527(d)(2)(i).

specialization of the physician.  20 C.F.R. § 404.1527(d)(2)-(5).

In addition, it is well established in the Eleventh Circuit that, generally, substantial weight must be given to the opinion, diagnosis and medical evidence of a treating physician unless there is "good cause" to do otherwise.  *See Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997); *Edwards v. Sullivan*, 937 F.2d 580, 583 (11th Cir. 1991).  The Eleventh Circuit has concluded "good cause" exists when a treating physician's opinion is (1) not bolstered by the evidence, (2) contrary to the evidence, or (3) inconsistent with the treating physician's own medical records.  *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004).  The ALJ may discount a treating physician's opinion or report regarding an inability to work if it is unsupported by objective medical evidence or is wholly conclusory.  *See Edwards*, 937 F.2d at 583.   If an ALJ elects to disregard the medical opinion of a treating physician, then he must clearly articulate the reasons for so doing.  *Phillips*, 357 F.3d at 1240-41.

In the instant case, the ALJ gave "little weight" to the opinion of Dr. Christensen because she found it was "internally inconsistent" and "not supported by the record or treatment notes" (Tr. 15).  While the ALJ did discuss the opinion of Dr. Christensen, her reasons for discrediting Dr. Christensen were inadequate.  The undersigned finds the record contains medical evidence consistent with Dr. Christensen's opinion.  Specifically, the opinion of consultative clinical psychologist, Peter Knox, M.Ed., Psy.D., ("Dr. Knox"), to whom the ALJ gave "great weight," is actually consistent with the opinion of Dr. Christensen with respect to Plaintiff's limitations in the area of social functioning (*see* Tr. 221-26; Tr. 15).  More particularly, on August 22, 2006, Dr. Knox evaluated Plaintiff and gave a thorough report of Plaintiff's medical history (Tr. 221-28).  Dr. Knox diagnosed

6

Plaintiff with Post-Traumatic Stress Disorder ("PTSD") from childhood sexual abuse, antisocial personality traits, and determined Plaintiff had a GAF score of 50[3] (Tr. 225). While attributing great weight to this opinion, the ALJ made no mention of the GAF score given to Plaintiff by Dr. Knox (*see* Tr. 16-17). A GAF score of 50 indicates serious symptoms, such as suicidal ideation, severe obsessional rituals, and frequent shoplifting; or any serious impairment in social, occupational, or school functioning, such as no friends, and *the inability to keep a job*. DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS, DSM-IV, 32-34 (*emphasis added*). This score of 50 indicates a "serious impairment" in the area of social functioning; however, the ALJ only attributed moderate difficulties to Plaintiff in the area of social functioning, notwithstanding the fact that both Dr. Christensen and Dr. Knox diagnosed Plaintiff with a serious impairment in this area of functioning (Tr. 13, 225, 279). The ALJ used Dr. Knox's opinion to discredit Dr. Christensen's opinion; however, the undersigned finds this determination to be incongruent.

To illustrate, a GAF score of 50, indicating that Plaintiff might not be able to keep a job, is actually consistent with the opinion of Dr. Christensen. Specifically, on January 23, 2007, Dr. Christensen provided a narrative letter explaining that Plaintiff "continues to be highly symptomatic and debilitated by his chronic Post-Traumatic Stress Disorder (PTSD)"

---

[3]The Global Assessment of Functioning Scale ("GAF") was designed by mental health clinicians to rate the psychological, social and occupational functioning of an individual on a mental health scale of 0-100. A GAF score of 41-50 describes "serious symptoms" and includes "serious impairment in the social, occupational or school functioning." A GAF score of 51-60 describes "moderate symptoms" and includes only moderate difficulty in functioning. A GAF score of 61-70 indicates "some mild symptoms," but generally functioning "pretty well, [and] has some meaningful interpersonal relationships." A GAF score of 71-80 indicates that if symptoms are present, they are transient and expectable reactions to psycho-social stressors with no more than slight impairment in social, occupational or school functioning. DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS, DSM-IV, 32-34 (4th ed., American Psychiatric Assoc. 2000).

(Tr. 277). Dr. Christensen further explained that:

> Due to the effects this disorder has upon his cognition (e.g., critical thinking, judgment, attention, and concentration), mood (e.g., persistent depression and hopelessness) and social interactions (e.g., severe interpersonal deficits secondary to avoidance), I do not believe he is capable of competitive employment. I base this opinion on my long-standing treatment of Mr. Pennington as well as my most recent evaluation of him today, 1/23/07.

(Tr. 277).

On the same date, Dr. Christensen completed a "Treating Source Mental Health Report" (Tr. 278-79). When asked to provide a statement regarding what Plaintiff can continue do despite his mental impairment(s), in addressing Plaintiff's capacity for understanding and memory, sustained concentration and persistence, social interaction, and adaptation, Dr. Christensen responded:

> It is my medical opinion that based upon Mr. Pennington's PTSD he is unable to sustain attention, concentration and interact appropriately with others in a consistent fashion that would allow him to maintain competitive employment. This is based upon my treatment of him for the past several years and my most recent evaluation of 1/23/07.

(Tr. 279).

The undersigned would note that a GAF score of 50 would appear to corroborate Dr. Christensen's assessed limitations in the area of social functioning, *supra*. Therefore, contrary to the ALJ's reason(s) for attributing little weight to the opinion of Dr. Christensen, the undersigned finds this opinion is supported by the record (specifically, by the opinion of Dr. Knox, upon which the ALJ stated she gave "great weight").

The ALJ also found that Dr. Christensen's opinion in this regard was "internally inconsistent" (Tr. 15). Dr. Christensen, however, throughout his treatment, consistently noted that Plaintiff was angry, symptomatic of PTSD, had depressed mood, still had

8

recollections of past trauma, had "avoidant behaviors," was frustrated, and was easily irritated (Tr. 318, 319, 323, 324, 335, 342). Additionally, both Dr. Christensen's narrative letter (Tr. 277) and his "Treating Source Mental Health Report" (Tr. 278-79) were based on his stated longstanding treatment of Plaintiff and his most recent evaluation of January 23, 2007.

The ALJ stated that she gave "little weight" to Dr. Christensen's medical opinion because Dr. Christensen only treated Plaintiff "infrequently" (Tr. 15). The Eleventh Circuit has determined that "[i]t is not only legally relevant but unquestionably logical that the opinions, diagnosis, and medical evidence of a treating physician whose familiarity with the patient's injuries, course of treatment, and responses over a considerable length of time, should be given considerable weight." *Broughton v. Heckler*, 776 F.2d 960, 962 (11th Cir. 1985) (*quoting Smith v. Schweiker*, 646 F.2d 1075, 1081 (5th Cir. 1981); *see also Chester v. Brown*, 792 F.2d 129, 131 (11th Cir. 1986) (determining that the opinion of a treating physician should be accorded considerable weight, not casually discounted, especially when the consultation has been over a considerable period of time.) The Regulations also give guidance to ALJs by directing that "[w]hen the treating source has seen [the plaintiff] a number of times and long enough to have obtained a longitudinal picture of [the plaintiff's] impairment, we will give the source's opinion more weight than we would give it if it were from a nontreating source." 20 C.F.R. § 404.1527(d)(2)(i).

Between May 2002 and January 2007, Plaintiff was treated at Shands Hospital Psychiatry Center (Tr. 248-72; 277-79; 320-50). The relevant time period for Plaintiff's DIB claim is from the alleged, July 12, 2005, onset date to his, June 30, 2006, date last insured (Tr. 10, 116). The record nevertheless reveals that Plaintiff has been treated at Shands for

a considerable period of time. While Plaintiff may not have been seen by Dr. Christensen on each visit to Shands, he was still under Dr. Christensen's care, as evidenced by numerous medical reports that list Dr. Christensen's name as well as another psychiatrist, Dr. Haddad, as his attending physicians (*see* Tr. 248-72; 277-79; 320-50). Therefore, it is likely that Dr. Christensen had access to all of Plaintiff's medical reports and was able to continuously follow Plaintiff's treatment progress, or lack thereof.

Further, between October 2003 and January 2007, Dr. Christensen, himself, provided treatment to Plaintiff on twelve occasions (Tr. 277-79, 318-19, 323-26, 328-29, 333, 335, 337, 342). The record contains treatment notes and letters from Dr. Christensen for these twelve occasions which set forth specific clinical findings that support his opinion (*see* Tr. 277-79, 318-19, 323-26, 328-29, 333, 335, 337, 342). Dr. Christensen noted in his letter dated January 23, 2007 that his opinion was based on "treatment of [Plaintiff] for the past several years and [Plaintiff's] most recent evaluation of January 23, 2007" (Tr. 279). The undersigned recognizes that during the relevant time period with respect to Plaintiff's claim for DIB (*i.e.* from July 12, 2005 to June 30, 2006) the record contains only one treatment note from Dr. Christensen personally; nevertheless, Dr. Christensen evaluated Plaintiff more than any other physician of record and certainly had a longitudinal perspective of Plaintiff's medical condition(s), but the ALJ accorded him the least weight (*see* Tr. 248-72; 277-79; 320-50*;* Tr. 15).

Based on the foregoing, the undersigned finds that Dr. Christensen did not treat Plaintiff infrequently, as stated by the ALJ. Therefore, this reason for discounting Dr. Christensen's opinion is not supported by substantial evidence of record. Consequently, it cannot be use to provide the requisite "good cause" to afford Dr. Christensen's opinion

10

little weight. Dr. Christensen treated Plaintiff for over a three-year period, and was, therefore, most able to provide a "detailed, longitudinal picture" of Plaintiff's impairment(s). As a result, his opinion should have been afforded the appropriate weight by the ALJ as Plaintiff's treating physician. The ALJ's statement that Dr. Christensen only treated Plaintiff infrequently is at a minimum a mischaracterization of the evidence and, at most, is disingenuous.

Although the ALJ afforded "some weight" to the State Agency physicians, this alone cannot provide the requisite "good cause" to discount Dr. Christensen's opinion because the Eleventh Circuit has determined that the opinion of a non-examining physician is entitled to little weight if it is contrary to the opinion of a plaintiff's treating physician. *Broughton*, 776 F.2d at 962; *Spencer ex rel. Spencer v. Heckler*, 765 F.2d 1090, 1094 (11th Cir. 1985).

The opinions of State Agency Physicians Walter Shepherd (on January 30, 2007) (Tr. 281-84; 285-98) and Val Bee, Psy.D. ("Dr. Bee") (on September 1, 2006) (Tr. 230-43; 244-47) that Plaintiff is only moderately limited in the are of social functioning is inconsistent with the medical opinion of Dr. Christensen, who treated Plaintiff over a considerable length of time. Walter Shepherd and Dr. Bee never personally examined Plaintiff, whereas Dr. Christensen examined Plaintiff over a three-year period. Thus, the undersigned finds the ALJ improperly accorded more weight to the opinions of non-examining physicians than to Dr. Christensen, an examining (and treating) physician.

## IV. Conclusion

For the foregoing reasons, the Court finds the decision of the Commissioner is neither supported by substantial evidence, nor decided according to proper legal standards. Accordingly, the Commissioner's decision is hereby **REVERSED and REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g).

On remand, the Commissioner may hold other proceedings as he deems necessary, but in any event shall re-evaluate Plaintiff in accordance with the applicable Regulations and prevailing case law, reweigh the opinion evidence, and give the appropriate weight to the opinion of Plaintiff's treating physician, Dr. Christensen.

Plaintiff is cautioned, however, that this opinion does not suggest Plaintiff is entitled to disability benefits. Rather, it speaks only to the process the ALJ must engage in and the findings and analysis the ALJ must make before determining whether Plaintiff is disabled within the meaning of the Social Security Act. *Phillips*, 357 F.3d at 1244.

## VI. Directions as to Judgment

The Clerk of Court is directed to enter judgment consistent with this Order and Opinion and, thereafter, to close the file. The judgment shall state that if Plaintiff were to ultimately prevail in this case upon remand to the Social Security Administration, any motion for attorney fees under 42 U.S.C. § 406(b) must be filed within fourteen (14) days of the Commissioner's final decision to award benefits. *See* Fed. R. Civ. P. 54(d)(2)(B); M.D. Fla. Loc. R. 4.18(a); *Bergen v. Commissioner of Social Security*, 454 F.3d 1273, 1278 (11th Cir. 2006).

**DONE AND ORDERED** at Jacksonville, Florida this  31st  day of March, 2010.

Copies to all counsel of record

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge